### WEBER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.    March 18, 1915.)

1. APPEAL AND ERROR ⬤⟿569—SETTLEMENT OF CASE—STENOGRAPHER'S REC-
ORD.

Under Judiciary Law (Consol. Laws, c. 30) § 295, requiring stenogra-
phers to take full notes of testimony and all other proceedings and of
each ruling, together with every exception, a stenographer having failed to
make a proper and full report of all that occurred, and having afterwards
entered some matters according to his recollections and conclusions, and
omitted some exceptions which he understood he was ordered to omit, a
party was entitled to have the case on appeal settled according to what
the evidence showed really occurred.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–
2545; Dec. Dig. ⬤⟿569.]

2. TRIAL ⬤⟿31—NOTING OBJECTIONS—AUTHORITY OF COURT.

Under Judiciary Law, § 295, requiring stenographer to make full notes
on all proceedings and of each ruling or decision, together with every ex-
ception taken to any such ruling, the trial court has no right to direct
the stenographer not to take down certain rulings or exceptions thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 55, 84; Dec. Dig.
⬤⟿31.]

Appeal from City Court of New York, Special Term.

Action by John F. Weber against the Interborough Rapid Transit
Company. From an order denying defendant's motion to resettle the
case on appeal, he appeals. Reversed, and remitted for resettlement of
case.

Argued March term, 1915, before LEHMAN, HENDRICK, and
COHALAN, JJ.

James L. Quackenbush, of New York City (B. H. Ames and Fred-
erick Allis, both of New York City, of counsel), for appellant.

Michael V. Rosenberg, of New York City (Bernard Gordon, of New
York City, of counsel), for respondent.

LEHMAN, J.    The defendant, having been defeated in an action
brought to recover for an alleged illegal arrest and malicious prose-
cution, appealed from the judgment and order denying his motion for
a new trial.    Its attorney prepared the case on appeal, and thereupon
the attorney for the plaintiff proposed certain amendments, which
were allowed by the trial court.    The defendant thereupon moved for
a resettlement by inserting in the record the matters stricken out by
the amendments proposed by the plaintiff.    This motion was denied,
and the defendant now appeals from the order denying his motion.

[1] It appears from the undisputed parts of the record that, after
the jury had retired and the trial judge had started a new case the
jury sent in the following communication, which was read by the
court to counsel:

"Your honor, some of the jurors would like a definition of what constitutes
a false arrest as defined by your charge.            Mr. Clark, Foreman.

"The Court: Is there any objection to the stenographer reading that part
of the court's charge requested by the jury?

"Defendant's Counsel:  I desire to know what part of your honor's charge
is to be read to the jury."

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The court thereupon directed the stenographer to read to counsel that portion of the charge as requested by the jury. The transcript of the minutes of the stenographer purports to show that the court then asked again, after the reading of this portion of the minutes:

"Are there any objections now to the stenographer reading that portion of the charge to the jury as requested by them?"

And a statement that:

"Counsel consented to the reading of the extract to the jury in the jury room."

The appellant left this part of the minutes out of the proposed case, and inserted in its place an alleged colloquy with the court in which he objected to the stenographer going into the jury room, and stated that he wished to make some requests, and in which the court denied him the right to object, request, or except. None of this alleged colloquy was contained in the stenographer's minutes, and this part of the defendant's proposed case was stricken out, and the part of the stenographer's minutes quoted above inserted in their place, by allowance of plaintiff's proposed amendments. The stenographer's minutes show that he reported to the court:

"That he had read the foregoing charge to the jury and nothing else."

This statement was left out of the proposed case by defendant, but was likewise inserted by the allowance of plaintiff's proposed amendment. This particular amendment was undoubtedly correct, and need not be considered further on this appeal. Finally, the stenographer's minutes purport to show that, after the counsel for defendant had moved to set aside the verdict "on the further ground that subsequent to the jury retiring the court has submitted to the jury in the jury room an additional charge which the defendant's counsel did not hear," the court stated:

"The court directed the stenographer to read that part of the charge as delivered originally as requested by the jury upon the consent of respective counsel, and the court did not instruct, and the stenographer did not read any additional charge."

The defendant's proposed case omits the entire statement of the court except the words:

"The court did not instruct, and the stenographer did not read any additional charge."

But the remainder of the statement has been inserted upon the allowance of plaintiff's proposed amendment to this effect.

It will be seen that all the plaintiff's amendments are in accordance with the transcript of the stenographer's minutes, so that with the possible exception of the conclusion involved in the use of the words, "Counsel *consented* to the reading of the extract from the charge to the jury in the jury room," the action of the trial justice in allowing the amendments proposed would seem to be in accordance with the usual rules and practice in settling cases on appeal. The undisputed facts, however, in this case, show that the record in its present form is in-

correct, and that the stenographer's minutes do not fully report what occurred before the judge and embody statements inserted after the occurrence. It appears that, after the stenographer had read the definition contained in the original charge to the court and counsel, some colloquy occurred between the court and defendant's counsel. The defendant's counsel at that time undoubtedly insisted that he wished to make further requests to charge at this time, and the trial justice refused to permit further requests. There can also be no doubt but that the defendant's counsel excepted to some ruling at this time. These rulings and exceptions ought undoubtedly to have been taken down by the stenographer, so that the appellate court could determine whether the defendant's counsel gave his consent to the reading of the minutes, or whether, as he claims, he objected and excepted to such direction. The Judiciary Law in section 295 clearly provides that:

"Each stenographer * * * must take full stenographic notes of the testimony and of all other proceedings in each cause tried or heard. Such stenographer shall take complete stenographic notes of each ruling or decision of the presiding judge * * * together with each and every exception taken to any such ruling, decision, remark or comment by or on behalf of any party to the action."

The stenographer who took the notes made a frank deposition as to his recollection of what occurred at this time and how he made up his notes. He stated on oath that the part of the notes setting forth these occurrences was made after the close of the case; that he inserted the statement of the consent some time thereafter, or at the time of transcribing the notes, though at the time he made some rough notes. To the best of his recollection, his notes contain a correct statement of that occurrence; but he made them out after a consultation with another stenographer, who told him "the important thing was to put in what it was consented to that I should go to the jury room." The words "No objections," in the notes, were not the words of counsel, but the stenographer's conclusion. He stated that he "probably fixed" his notes with the transcript when he got out the transcript. He stated that he recalled that there was a discussion between counsel and the court at the time of the request from the jury; that the court directed him not to take down the discussion; that counsel insisted that his exceptions be taken down, but that he had not taken them down, because the court directed him not to do so. While the court undoubtedly was under the impression that these exceptions related solely to his refusal to allow the counsel for the defendant to make further requests to charge at that time, and while it is quite evident that the trial court believed that no valid exceptions could be taken to such charge, yet obviously the counsel has a right of review of every ruling of the trial court upon proper exception.

[2] The trial court has a right to rule upon requests and objections, but it has no right to rule upon the exceptions, and the stenographer cannot be directed to disregard his sworn statutory duty to take down all rulings and exceptions. There is no doubt that the statement that "counsel consented to the reading of the minutes" is only a conclusion of the stenographer, and that the counsel did not even expressly say

that there were no objections. It follows that plaintiff's proposed amendment numbered XVIII, containing this statement, was incorrectly allowed, and the case must be resettled accordingly, so that this court, and not the stenographer, may determine whether there was such a consent. This decision can be made only upon a review of what actually occurred at the time that defendant took the exceptions which the trial judge directed the stenographer not to take down. While we cannot now determine that the proposed case set down the rulings and exceptions properly, and whether the defendant specifically objected to the stenographer's going into the jury room, yet undoubtedly the defendant did show his objection to some of the proceedings by taking exceptions and insisting upon the stenographer noting them.

If the trial judge's recollection does not agree exactly with the statement contained in the proposed case, he has a right to settle the case according to the facts as shown by the evidence presented to him on this motion and his own recollection; but he had no right to strike out an entire statement of the occurrence by allowing plaintiff's proposed amendment numbered XIX, and the case must be resettled to allow the trial judge to settle a statement of what did occur.

Amendment No. XX was properly allowed.

Amendment No. XXI, though I think unimportant, contains a statement purporting to be by the court, but which the stenographer admits is his own language, and should be disallowed.

One further small amendment to the statement of evidence was also allowed. It does not seem to be disputed that the original case contained the answer as actually given to the witness. The part stricken out is probably immaterial, but that is a point that should not now be considered, and this amendment, No. I, should therefore also have been disallowed.

Order is therefore reversed, with $10 costs and disbursements, and case remitted for resettlement in accordance with this opinion. All concur.